(Licking County Ohio Common Pleas.)
April 1898.
STATE OF OHIO ex rel. JOHN TUCKER and THOMAS B. TOWNSEND v. THE CITY OF NEWARK, et al.
[And two other cases.]

In an action in mandamus, brought by a bidder for a city contract, to compel the city to award the contract to him as the lowest bidder, and where the court finds that he is entitled to the contract, but in consequence of the delay caused by carrying the case through the courts, the contract was in fact awarded to another bidder, and was fully performed and paid for by the time a final judgment for the relator was rendered, and the issuing of the writ therefore became impracticable, and would be a vain thing, the contractor is not entitled in the same suit for mandamus to have his damages determined and to have judgment therefor. Sec. 6753, R. S., does not contemplate this kind of damages.

(The judgment of the Common Pleas in this case was reversed by the Circuit Court, see 19 C. C. 5.)

WICKHAM, J.

In July, 1890, the city of Newark, by its officers, advertised for bids to furnish material and perform labor in paving certain streets of the city. Bids were filed by numerous parties, and among them were the bids by the relators in case No. 6912.

Relators' bids were the lowest, but it was claimed by the city officials that their bid was illegal, not in conformity to the requirements of the notice made to prospective bidders, and the city, by its officers, was about to let the contracts to pave the streets to other parties when, on July 25, 1890, John Tucker brought a suit against the city of Newark and its officers to restrain them from letting certain of the contracts. Temporary injunction was issued by the court of common pleas. Afterward, on August 1, 1890, John Tucker filed his petition against the city and its officers to restrain them from letting certain other contracts to pave said streets, all of which were included in the bids of relators in case No. 6912. A temporary injunction was issued on this petition by the court.

On July 26, 1890, the relators brought their action in this court against the city and its officers for a writ of mandamus to compel them to award to relators the contracts to furnish the material and pave the streets of the city for which they had filed their bids. To each of the petitions in this case a general demurrer was filed, which, upon hearing, the court sustained, dismissed the petitions, dissolved the temporary injunctions in cases No. 6910 and 6930. Exceptions were taken by the

plaintiffs, and the cause was carried to the circuit court for error of the court in sustaining the demurrers. No steps were taken by the plaintiff to prevent the defendants from letting the contracts to other persons while the causes were pending in the circuit court, and during the pendency of the causes in the circuit court, the city, by its officers, let the contracts to furnish the material and pave the streets of the city, and the material was furnished and the work performed. Afterward, the circuit court, upon the causes being heard there, reversed the decision of the common pleas in sustaining the demurrer to the petitions, and the causes were remanded to this court for further proceedings, and they are now before the court on their merits.

This court finds upon the evidence adduced that the relators in case No. 6912, were the lowest responsible bidders, and that they were entitled to the contracts to pave the streets of the city, and, therefore, on the beginning of the suits in case No. 6910 and 6930, the plaintiff was entitled to a permanent injunction restraining the defendants from awarding the contracts to other parties. The work having been performed, no injunction can now issue to restrain the defendants in these cases from awarding the contracts as prayed in the plaintiff's petition, but in these cases the plaintiff is entitled to a judgment for his costs.

We further find in case No. 6912, that at the beginning of that action the relators were entitled to a peremptory writ of mandamus to compel the awarding of the contracts to them. But a vain thing will not be compelled by mandamus. State ex rel. Crawford v. McGregor, 44 Ohio St., 628; therefore no writ can now be issued to compel the awarding of the contracts, contracts having been awarded and executed years ago. Dickman v. Oak Harbor, 10 C. C., 409. But we find that the relators are entitled to a judgment for their costs in this case.

It is claimed by counsel for relators that the court should retain this case to inquire the damages sustained by the relators arising from a failure of the respondents to award to them the contracts to pave the streets of the city, and that this action of the court is provided for by sec. 6753, Rev. Stat. That section provides: "If judgment be given for the plaintiff, the relator may recover the damages which he has sustained, to be ascertained by the court, or a jury, or by a reference to a master, as in a civil action, and costs, and a peremptory mandamus shall also be granted to him without delay."

The question arises, does this section of the statute contemplate a case of this kind where the damages arise out of the failure of the respondents to award the contracts to the relators? The measure of these damages would be the prospective profits accruing to the relators if the contracts had been let to them upon their bids. We do not think this section of the statutes contemplates this kind of damages. The damages provided for by sec. 6753, Rev. Stat., we think are damages caused by the delay of the respondent in preforming the act the law requires of him. We find no authority bearing directly upon the question.

In Ohio ex rel. v. Board of Public Works, 36 Ohio St., 409, the court intimates in the last sentence of their opinion at page 415 that the damages provided for by this section are those only caused by the delay of the respondent. They say, "If the relators have been injured by delay in making payment they look to the general assembly for redress." One of the questions decided in that case was that damages could not be recovered against the state under this section of the statutes.

A judgment may be entered for the plaintiffs in case No. 6910 and 6930 and the relators in case No 6912, for the costs, as indicated in this opinion. Exceptions and notice of appeal in each case both ways, and appeal bond in the sum of $100.

S. M. Hunter, for Plaintiff.
L. B. Fulton, for Defendant.